**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SODEXO OPERATIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>SSM HEALTH CARE ST. LOUIS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-1560<br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT AND CONTRACTUAL DAMAGES**

Plaintiff Sodexo Operations, LLC ("Sodexo"), by and through undersigned counsel, alleges as follows for its complaint against SSM Health Care St. Louis ("SSM"):

**Nature of the Action**

1. This case arises from SSM's breach of its contractual duty to defend Sodexo in a lawsuit brought by one of SSM's employees against Sodexo for injuries the employee sustained while at work at SSM's hospital. Through this action, Sodexo seeks: (i) a declaration that SSM must defend Sodexo in the underlying lawsuit through the exhaustion of all appeals; and (ii) damages for sums Sodexo has spent on its own defense that should have been paid by SSM. SSM's duty to defend is ripe for adjudication.

2. Because SSM's indemnity obligation for the underlying lawsuit arises from the same contract and facts, Sodexo also pleads causes of action (Counts IX, X, and XI) related to SSM's duty to indemnify. Sodexo acknowledges that SSM's obligation to indemnify Sodexo for any damages may not be ripe at this time because the underlying judgment is being appealed and no settlement has been reached in that lawsuit. However, Sodexo brings its indemnity claims as a

precaution to ensure that it is not foreclosed from enforcing SSM's indemnity obligation once the extent of that obligation has been established. Should the Court deem it appropriate, Sodexo would likely agree to have those counts stayed or bifurcated pending final resolution of the underlying lawsuit.

**Jurisdiction and Venue**

3. Sodexo is a limited liability company organized and existing under the laws of the state of Delaware.

4. Sodexo's sole member is Sodexo, Inc., which is incorporated in the state of Delaware and maintains a principal place of business in the state of Maryland.

5. None of Sodexo's members are citizens of Missouri.

6. Sodexo therefore is not a citizen of Missouri.

7. SSM is a Missouri nonprofit corporation that is organized and existing under the laws of the state of Missouri, with its principal place of business in St. Louis, Missouri.

8. SSM owns and operates healthcare facilities throughout St. Louis County, including SSM DePaul Health Center, located at 12303 DePaul Drive in Bridgeton, St. Louis County, Missouri ("DePaul Health Center").

9. SSM's principal office address is 12800 Corporate Hill Dr., Saint Louis, Missouri.

10. SSM therefore is a corporate citizen of Missouri.

11. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Sodexo and SSM and the amount in controversy exceeds $75,000.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because SSM resides in St. Louis County, Missouri.

13. Venue is proper in the Eastern Division pursuant to Local Rule 2.07 because SSM resides and has its principal place of business in St. Louis County, Missouri.

**The Management Agreement**

14. Sodexo entered into a Management Agreement with SSM dated July 6, 2015, with a term of 3 years ("Management Agreement" or "Agreement"), under which Sodexo agreed to provide defined housekeeping and linen distribution services at SSM's healthcare facilities, including DePaul Health Center. A copy of the Agreement is attached as Exhibit 1.

15. The Management Agreement was renewed and in effect as of June 3, 2019.

16. As Section 1.1 of the Agreement makes clear, the purpose of the Agreement is to set forth the terms and conditions upon which SSM has engaged Sodexo to manage and provide "Services" to SSM.

17. Those "Services" are defined as "Housekeeping Service and Linen Distribution Services, as further defined in the exhibits attached" to the Agreement in Section 2.6. The definition also provides that "Services" "may also be collectively referred to as Housekeeping Services."

18. As set forth in Section 4.1, Sodexo agreed to "recruit, hire, train, supervise, direct and, if necessary, discipline, transfer and discharge management employees working in the Services."

19. The Agreement further defines the housekeeping and linen distribution services for the DePaul Health Center in Exhibit C to the Agreement, which generally provides that Sodexo will implement its people and task management software and fill management positions for housekeeping services, among other responsibilities.

20. However, Section 2.2 of Exhibit C makes clear that "[a]ll non-management Housekeeping Services employees shall be employees of Client and shall be compensated directly by [SSM]."

21. Similarly, Section 1.2 provides that Sodexo is an independent contractor and that Sodexo and SSM are not engaged in a partnership, agency or joint venture.

22. The Management Agreement does not obligate Sodexo to provide personal security or security training for SSM employees; nor does it obligate Sodexo to provide SSM employees with a safe work environment.

23. Rather, Section 6.4 provides that the Premises (including the DePaul Health Center, as defined in Section 2.5) "shall be in good condition and maintained by [SSM] to ensure compliance with applicable laws concerning . . . safety and health . . . ."

24. Section 6.24 provides that the Agreement shall be governed by the laws of the State of Missouri.

25. Under Missouri law, an employer has the non-delegable duty to provide a safe workplace for its employees.

26. At all relevant times, SSM conducted annual workplace violence training sessions for its employees.

27. Under the Agreement's "Personnel Obligations" in Section 4.2, Sodexo and SSM agreed that each "shall indemnify, defend and hold the other harmless from and against any claims, liabilities and expenses, including reasonable attorneys' fees and court costs, related to or arising out of the indemnifying party's (i) responsibilities set forth herein and (ii) personnel actions . . . and all claims arising out of injuries occurring on the job regarding employees on its respective payroll."

28. Section 4.2 requires each party to defend and indemnify the other for claims falling within that provision, including claims arising from on-the-job injuries to employees on the indemnifying party's payroll.

29. Section 6.6 of the Management Agreement further provides that the parties shall defend, indemnify and hold each other harmless from all claims attributable to the sole negligence or fault of the other party to the Agreement.

**SSM's Employee's Lawsuit Against Sodexo**

30. Rosemarie Stephens, a housekeeper, was an SSM employee assigned to work in its Behavioral Health Unit ("BHU") at DePaul Health Center on June 3, 2019, when she alleges a BHU patient assaulted and injured her.

31. At the time of the alleged assault, Plaintiff Rosemarie Stephens was on SSM's payroll, was SSM's employee, and was in the scope of her employment for SSM. She was not Sodexo's agent, servant or employee.

32. Plaintiff filed suit against Sodexo alleging that Sodexo negligently failed to train and supervise her in personal security and safety, and further negligently failed to provide a safe work environment in the SSM BHU.

33. The lawsuit is styled *Stephens v. Sodexo Operations, LLC, et al.*, Case No. 24SL-CC02490, in the Circuit Court of St. Louis County, Missouri (filed May 24, 2024) (the "*Stephens* Lawsuit"). The allegations contained in the petition filed in that action are incorporated by reference herein, and a copy of that petition is attached hereto as Exhibit 2.

34. On November 7, 2025, following a trial by jury, the trial court entered judgment on the $5,000,000 verdict rendered by the jury against Sodexo.

35. SSM was never a party to the *Stephens* Lawsuit, and its negligence was never at issue.

36. Sodexo's post-trial motions were denied by the trial court on April 1, 2026.

37. Following the denial of the post-trial motions, Sodexo filed its supersedeas bond and notice of appeal.

**SSM Accepts Its Duty to Defend and Indemnify Sodexo in the *Stephens* Lawsuit**

38. Plaintiff Stephens initially filed an action in 2023, which Sodexo's counsel tendered to SSM for defense and indemnity on July 17, 2023, but that action was voluntarily dismissed.

39. The *Stephens* Lawsuit naming Sodexo Operations, LLC was filed on May 28, 2024.

40. By letter dated December 5, 2024, Sodexo's counsel sent a letter to SSM's counsel demanding that SSM defend and indemnify Sodexo in connection with the *Stephens* Lawsuit. A copy of that letter is attached as Exhibit 3.

41. On September 24, 2025, after receiving no written response for months and after follow-up communications with SSM and its counsel, SSM unequivocally, unconditionally, and without reserving any rights agreed to defend and indemnify Sodexo for the *Stephens* Lawsuit pursuant to the Management Agreement.

42. SSM communicated its unequivocal, unconditional, and unreserved acceptance of Sodexo's defense and indemnity in a September 24, 2025 e-mail from Melissa Thayer to David Boresi (Sodexo's attorney), with copy to Rodney M. Sharp, which stated as follows:

> Mr. Boresi,
>
> Pursuant to the Service Agreement between SSM and Sodexo, SSM will agree to defend and indemnify Sodexo in the lawsuit filed by Rosemarie Stephens.
>
> If you have further questions please contact me at the number listed below.

Thank you.

43. In her September 24, 2025 e-mail to David Boresi, Ms. Thayer is identified as

Sr. Claims Specialist
System Legal Services
SSM Health

44. The email confirming its agreement to defend and indemnify Sodexo stated, in its entirety: "Pursuant to the Service Agreement between SSM and Sodexo, SSM will agree to defend and indemnify Sodexo in the lawsuit filed by Rosemarie Stephens." At no point did SSM state that its agreement to defend and indemnify was conditional, nor did it reserve the right to withdraw from defending or to disclaim its indemnity obligation at a later date.

45. Based on this unequivocal acceptance of SSM's duties under the Management Agreement, Sodexo did not file a third-party claim against SSM to litigate SSM's obligations with respect to the *Stephens* Lawsuit.

46. Following SSM's acceptance of the tender, Sodexo's trial counsel sent his bills for legal services in connection with the defense directly to SSM, though SSM has failed to pay any of them.

47. Additionally, in conjunction with accepting its duty to defend Sodexo, SSM hired the law firm of Sandberg Phoenix to represent Sodexo in the *Stephens* Lawsuit.

48. Following its acceptance of Sodexo's tender, SSM controlled Sodexo's defense and controlled all settlement strategy, including making all decisions regarding whether to engage in settlement negotiations.

49. On November 10, 2025, following the trial court entering judgment against Sodexo, Sodexo's trial counsel attended a meeting with SSM's St. Louis Regional Counsel, SSM's local

in-house counsel and several others in SSM's Risk Management Department, where SSM reaffirmed its commitment to defend and indemnify Sodexo for the *Stephens* Lawsuit.

**SSM Repudiates Its Commitment Under the Agreement**

50. Despite agreeing and reaffirming its duty to defend and indemnify Sodexo, on November 18, 2025, Sodexo's trial counsel received a letter from a separate attorney retained by SSM indicating that SSM's previous acceptance of Sodexo's tender of defense and indemnity under the Management Agreement was subject to SSM's status as an additional insured under Sodexo's insurance policy, and in doing so, stated for the very first time that SSM reserved its rights with respect to the tender.

51. SSM has still not paid Sodexo's counsel for outstanding legal fees in connection with the *Stephens* Lawsuit.

52. By letter dated January 13, 2026, Sodexo's counsel responded to SSM's November 18, 2025 letter and requested that SSM reaffirm its already acknowledged obligation to defend and indemnify Sodexo; confirm that it will pay the full measure of any judgment against Sodexo that remains after all appeals are exhausted; and pay Sodexo's outstanding legal fees.

53. In response, by letter dated February 2, 2026, SSM's counsel disputed that SSM had any duty to indemnify Sodexo and expressed positions on the meaning of various terms in the Management Agreement for the very first time.

54. In the February 2, 2026 letter, SSM also disclaimed any further duty to *defend* Sodexo, stating—again for the first time—that SSM participated in the defense pre-judgment because the fees, costs, and expenses could have fallen on SSM until the time that the jury rendered its verdict, but following the verdict, "any purported duty to defend was extinguished." SSM also disclaimed any obligation to pay the premiums and other costs necessary to secure a supersedeas

bond to stay enforcement of the judgment in the event the post-trial motions were denied and Sodexo pursued an appeal.

55. At the same time, SSM asserted that it would continue to govern the defense of Sodexo via Sandberg Phoenix "only to protect its [SSM's] interests."

56. SSM then asserted that it was *Sodexo* that must indemnify *SSM* for any judgment, costs, fees, and interest under the Management Agreement in connection with the *Stephens* Lawsuit unless the jury's verdict is overturned.

57. All the while, SSM's chosen counsel, Sandberg Phoenix, continued to represent Sodexo in the post-judgment proceedings, including the filing of post-judgment motions.

58. On March 19, 2026, SSM's counsel informed Sodexo's counsel that SSM was withdrawing its defense of Sodexo and any further involvement in the *Stephens* matter and would stop paying Sandberg Phoenix's fees to defend Sodexo effective April 2, 2026.

59. On March 20, 2026, following the hearing on the post-trial motions but before the court had ruled, Sandberg Phoenix informed Sodexo that it was instructed by SSM to discontinue all work on the matter after April 2, 2026 unless Sodexo elected to retain Sandberg Phoenix at Sodexo's expense.

60. Given SSM's refusal to continue defending Sodexo or secure a supersedeas bond, Sodexo retained new appellate counsel to pursue its appeal and filed a supersedeas bond with the court, which was set at $5,676,510.86.

61. The amount spent by Sodexo in defense costs for the *Stephens* Lawsuit and in connection with the supersedeas bond far exceeds $75,000.

62. Sodexo now seeks relief to confirm SSM's duty to defend Sodexo in the *Stephens* Lawsuit through its conclusion and to recover all attorneys' fees and other costs, such as the costs

of securing the supersedeas bond, incurred by Sodexo in defense of the *Stephens* Lawsuit in the trial court and on appeal and all associated litigation fees, as well as all attorneys' fees incurred to enforce SSM's duty under the Management Agreement.

**COUNT I**
**DECLARATORY JUDGMENT (DUTY TO DEFEND)**

63. Sodexo incorporates paragraphs 1 through 58 of this Complaint as if fully set forth herein.

64. There is an actual controversy between Sodexo and SSM concerning the existence and extent of SSM's duty to defend Sodexo in the *Stephens* Lawsuit under the Management Agreement.

65. A declaration of the parties' rights and obligations under the Management Agreement will resolve the parties' dispute for the remainder of the *Stephens* Lawsuit.

66. Sodexo therefore seeks a declaration that SSM has a duty to defend Sodexo in the *Stephens* Lawsuit and must continue doing so until all appeals have been exhausted and there is a final, non-appealable judgment.

67. Sodexo likewise seeks a declaration that SSM's duty to defend includes a duty to pay all fees and costs necessary to pursue the appeal to conclusion, including but not limited to the costs of the supersedeas bond.

**COUNT II**
**BREACH OF CONTRACT (DAMAGES FOR BREACH OF DUTY TO DEFEND)**

68. Sodexo incorporates paragraphs 1 through 58 of this Complaint as if fully set forth herein.

69. The Management Agreement is a legally binding contract between Sodexo and SSM.

70. Sodexo has performed its obligations under the Management Agreement.

71. SSM has breached the Management Agreement by, among other things, (i) failing to pay the fees of Sodexo's trial counsel; (ii) withdrawing its defense of Sodexo in the *Stephens* Lawsuit prior to exhaustion of all appeals and the existence of a final, non-appealable judgment against Sodexo; and (iii) failing to secure the supersedeas bond and pay the attendant costs.

72. SSM's breach has proximately caused Sodexo to suffer damages by incurring and paying defense costs, the costs of securing a supersedeas bond, and other sums that SSM is obligated to pay under the Management Agreement.

73. Additionally, Sodexo is entitled to recover its reasonable attorneys' fees, collection service expenses, court costs, and related expenses under Section 6.23 of the Management Agreement for being required to file this action to recover from SSM for its breach of its duty to defend under Section 4.2 and Section 6.6 of the Agreement.

**COUNT III**
**PROMISSORY ESTOPPEL (DUTY TO DEFEND)**

74. Sodexo incorporates paragraphs 1 through 58 of this Complaint as if fully set forth herein.

75. By agreeing to defend and indemnify Sodexo in the *Stephens* Lawsuit without any reservation of rights, SSM promised to defend Sodexo and pay all reasonable defense costs Sodexo incurred in the *Stephens* Lawsuit through all appeals and until the rendering of a final, non-appealable judgment.

76. Sodexo relied on SSM's agreement to defend and indemnify Sodexo to its detriment by permitting SSM to defend Sodexo in the *Stephens* Lawsuit and control settlement decisions.

77. Additionally, due to SSM's promise to defend and indemnify Sodexo, Sodexo refrained from filing a third-party complaint against SSM in the *Stephens* Lawsuit.

78. SSM expected or should have expected that Sodexo would permit SSM to control the defense and settlement of the *Stephens* Lawsuit and would forgo filing a third-party complaint against SSM in reliance on SSM's unequivocal agreement to defend and indemnify Sodexo.

79. SSM now disclaims its duty to defend Sodexo in the *Stephens* Lawsuit even though appellate rights have not been exhausted and there has been no final, non-appealable judgment entered against Sodexo.

80. SSM has also refused to pay defense costs already incurred by Sodexo's trial counsel in defense of the *Stephens* Lawsuit, and only after the judgment, now claims that Sodexo owes SSM for *its* defense costs.

81. SSM's agreement to defend Sodexo in the *Stephens* Lawsuit must be enforced to avoid the injustice of allowing SSM to disclaim that obligation only after an unfavorable judgment was entered and to avoid shifting to Sodexo defense costs that SSM agreed to pay.

## COUNT IV
## DECLARATORY JUDGMENT (DUTY TO INDEMNIFY)

82. Sodexo incorporates paragraphs 1 through 58 of this Complaint as if fully set forth herein.

83. There is an actual controversy between Sodexo and SSM concerning the existence and extent of SSM's duty to indemnify Sodexo in the *Stephens* Lawsuit under the Management Agreement.

84. Sodexo therefore seeks a declaration that SSM has a duty to indemnify Sodexo in the *Stephens* Lawsuit for any damages that Sodexo is required to pay, whether through a judgment after exhaustion of all appeals or through a settlement.

85. As set forth above, Sodexo acknowledges that the extent of SSM's indemnity obligation may not be ripe at this time because the judgment in the *Stephens* Lawsuit has been

appealed and there is no settlement with Plaintiff. Sodexo pleads this count as a precaution to avoid being foreclosed from pursuing it later and would likely agree to stay, bifurcate, or both bifurcate and stay this Count IV pending final resolution of the *Stephens* Lawsuit.

**COUNT V**
**CONTRACTUAL INDEMNITY**

86. Sodexo incorporates paragraphs 1 through 58 of this Complaint as if fully set forth herein.

87. The Management Agreement is a legally binding contract between Sodexo and SSM.

88. Sodexo has performed its obligations under the Management Agreement.

89. SSM has breached the Management Agreement by disclaiming any obligation to indemnify Sodexo for the *Stephens* Lawsuit.

90. SSM's breach may proximately cause Sodexo to suffer damages in the form of a settlement or judgment that Sodexo must pay in the *Stephens* Lawsuit because SSM has disclaimed its obligation to indemnify Sodexo.

91. Additionally, Sodexo is entitled to recover its reasonable attorneys' fees, collection service expenses, court costs, and related expenses under Section 6.23 of the Management Agreement for being required to file this action to recover from SSM for its breach of its duty to indemnify under Section 4.2 and Section 6.6 of the Agreement.

92. As set forth above, Sodexo acknowledges that the extent of SSM's indemnity obligation may not be ripe at this time because the judgment in the *Stephens* Lawsuit has been appealed and there is no settlement with Plaintiff. Sodexo pleads this count as a precaution to avoid being foreclosed from pursuing it later and would likely agree to stay, bifurcate, or both bifurcate and stay this Count V pending final resolution of the *Stephens* Lawsuit.

**COUNT VI**
**PROMISSORY ESTOPPEL (DUTY TO INDEMNIFY)**

93. Sodexo incorporates paragraphs 1 through 58 of this Complaint as if fully set forth herein.

94. By agreeing to defend and indemnify Sodexo in the *Stephens* Lawsuit without any reservation of rights, SSM promised to indemnify Sodexo for any sums that Sodexo becomes legally liable to pay in the *Stephens* Lawsuit whether through a judgment after exhaustion of all appeals, settlement, or otherwise.

95. Sodexo relied on SSM's agreement to defend and indemnify Sodexo to its detriment by permitting SSM to defend Sodexo in the *Stephens* Lawsuit and control settlement decisions.

96. Additionally, due to SSM's promise to defend and indemnify Sodexo, Sodexo refrained from filing a third-party complaint against SSM in the *Stephens* Lawsuit.

97. SSM expected or should have expected that Sodexo would permit SSM to control the defense and settlement of the *Stephens* Lawsuit and would forgo filing a third-party complaint against SSM in reliance on SSM's unequivocal agreement to defend and indemnify Sodexo.

98. SSM now improperly disclaims its duty to indemnify Sodexo in the *Stephens* Lawsuit.

99. SSM's agreement to indemnify Sodexo in the *Stephens* Lawsuit must be enforced to avoid the injustice of allowing SSM to disclaim that obligation.

100. As set forth above, Sodexo acknowledges that the extent of SSM's indemnity obligation may not be ripe at this time because the judgment in the *Stephens* Lawsuit has been appealed and there is no settlement with Plaintiff. Sodexo pleads this count as a precaution to avoid

being foreclosed from pursuing it later and would likely agree to stay, bifurcate, or both bifurcate and stay this Count VI pending final resolution of the *Stephens* Lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sodexo Operations, LLC respectfully requests that this Court grant the following relief:

a) A declaration that SSM has a duty to defend Sodexo in the *Stephens* Lawsuit and is obligated to pay all defense costs and litigation costs until such time as a final, non-appealable judgment is rendered in the *Stephens* Lawsuit;

b) Judgment that SSM is estopped from disclaiming its duty to defend Sodexo;

c) Monetary damages in the form of all fees and costs incurred by Sodexo in the defense and continued appeal of the *Stephens* Lawsuit, including appellate bond costs;

d) A declaration that SSM has a duty to indemnify Sodexo in the *Stephens* Lawsuit for any sums that Sodexo becomes obligated to pay through a settlement, a judgment, or otherwise;

e) Judgment that SSM is estopped from disclaiming its duty to indemnify Sodexo;

f) Monetary damages in the form of all sums that Sodexo becomes obligated to pay in the *Stephens* Lawsuit through a settlement, a judgment, or otherwise;

g) All attorneys' fees, collection service expenses, court costs, and related expenses incurred by Sodexo to pursue this action and enforce SSM's compliance with the Management Agreement and its prior agreement to defend and indemnify Sodexo in the *Stephens* Lawsuit without reservation;

h) Pre-judgment and post-judgment interest;

i) Any and all other legal or equitable relief that the Court deems appropriate.

Dated: September 29, 2026

Respectfully submitted,

CLYDE & CO US LLP

/s/ William C. Swallow

William C. Swallow MO Bar No. 74961
Clyde & Co US LLP
30 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606
T: (312) 635-7000
E: bill.swallow@clydeco.us

Attorneys for SODEXO OPERATIONS, LLC